
# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| PAMELA B. POOLE,            )<br>                                           )<br>    Movant,                          )<br>                                           )  **Case Numbers:**<br>vs.                                      )  CV 03-S-8017-W<br>                                           )  CR 01-S-502-W<br>THE UNITED STATES OF    )<br>AMERICA,                          )<br>                                           )<br>    Respondent.                 ) | |

## MEMORANDUM OPINION

This is a motion to vacate, set aside, or correct a sentence, brought by a federal prisoner, pursuant to 28 U.S.C. § 2255.  The movant, Pamela B. Poole, was convicted in this court on January 24, 2002, on her plea of guilty to seventy-four counts of theft or conversion of government property, in violation of 18 U.S.C. § 641 (Counts 1 - 74), and six counts of embezzlement or conversion of government property, in violation of 18 U.S.C. § 641 (Counts 75 - 80).  Pursuant to a plea agreement, Counts 81 - 90 were dismissed.  She was sentenced on April 24, 2002, to two years' imprisonment. She did not appeal her sentence or conviction.

In support of her motion to vacate, Poole claims that her attorney was constitutionally ineffective.  In response to the court's order to show cause, the government has filed an answer in which it argues that the motion to vacate is due to be denied.  Poole has not responded to the government's answer.

Poole claims that her attorney was ineffective because, prior to her indictment, the prosecutor tried to contact her attorney, but her attorney forgot to return the prosecutor's telephone call.[1]  She states that this omission "could have prompted the U.S. Attorney to request the top of the sentencing guideline instead of the lower end."

> "A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea.  "He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973).  In other words, "the issue [is] not the merits of these [independent] claims as such, but rather whether the guilty plea had been made intelligently and voluntarily with the advice of competent counsel."

*United States v. Coffin*, 76 F.3d 494, 497-98 (2nd Cir. 1996).

Although Poole claims that her attorney was ineffective, her only complaint is directed at her original attorney, Craig Williams, who represented her prior to the indictment.  She does not claim that the attorney who represented her at the time of her plea or sentencing rendered ineffective assistance of counsel.  Further, she makes no claim that her guilty plea was involuntarily entered.  Poole's guilty plea waived all ineffective assistance of counsel claims relating to events that occurred prior to her guilty plea and her claim is due to be DISMISSED.

---

[1] Prior to her indictment, Poole was represented by Craig Williams.  However, George W. Andrews, III, represented her at the plea and sentencing hearings.

An appropriate order will be entered.

DONE this 23rd day of September, 2005.

                                                      /s/ Lynwood Smith
                                          _____
                                          United States District Judge